1  KEVIN G. McCURDY (SBN 115083)
   ROBERT J. SCOTT, Jr. (SBN 151775)
2  McCURDY & FULLER LLP
   565 Middlefield Road, Suite 100
3  Menlo Park, CA 94025
   Telephone: (650) 618-3500
4  Facsimile: (650) 618-3599
   E-mail: kevin.mccurdy@mccurdylawyers.com
5  E-mail: robert.scott@mccurdylawyers.com
   Attorneys for Plaintiff
6  NATIONAL UNION FIRE INSURANCE
   COMPANY OF PITTSBURGH, PA.

7

   Gary A. Hamblet, State Bar No. 90250
8  E-Mail: ghamblet@clarkhill.com
   David M. Plouff, State Bar No. 157026
9  E-mail: dplouff@clarkhill.com
   CLARK HILL LLP
10 1055 West Seventh Street, 24th Floor
   Los Angeles, California 90017
11 Tel: (213) 891-9100; Fax: (213) 488-1178
   Attorney for Defendant
12 MARKEL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARKEL INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. 2:18-cv-00456-R-JPRx<br><br>Removed from Los Angeles County Superior Court, Case No. LC106600<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Dept.: 880<br>Judge: Hon. Manuel L. Real |

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union) and Defendant Markel Insurance Company ("MIC") by and through their attorneys of record listed below, hereby enter into the following Stipulation for Protective Order ("Protective Order"):

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is certain to involve production of information protected by the attorney-client privilege and attorney work product doctrine and may include confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rules 79-5.2 and 79-5.2.2 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This is an action for equitable subrogation in which National Union, an excess insurer, seeks equitable subrogation from a primary insurer, MIC, on the grounds that MIC allegedly failed to settle an underlying personal injury suit, *Greathouse v. Encino Oil, et al.* Los Angeles County Superior Court Case No. LC095856 ("*Greathouse* Action"), within MMIC's policy limits. Evaluating the reasonableness of settlement opportunities will involve production of communications between MIC, the attorneys it retained to defend the *Greathouse* Action, and its insureds, Encino Oil, LLC and White Oak Burbank dba White Oak Shell. It may also involve production of the medical and financial records of

plaintiff in the *Greathouse* Action, and communications with experts retained in the *Greathouse* Action.

The issuance of this Protective Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such information.  Further, the issuance of this Protective Order will protect the Parties' interests by providing the Parties recourse in this Court in the event that a Party or Non-Party improperly handles non-public information protected by the attorney-client privilege, the attorney work product doctrine, or information that is otherwise confidential information that the parties have to exchange in the course of discovery propounded and depositions taken in this Action.

**3.     DEFINITIONS**

3.1     <u>Action</u>:  *National Union Fire Insurance Company of Pittsburgh, Pa. v. Markel Insurance Company*, U.S. District Court, Central District of California case no. 2:18-cv-00456-R-JPRx.

3.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4     <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

3.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or subpoenas in this matter.

3.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8     In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12    Parties:  all parties to this Action, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, court reporting, videotaping, translating, preparing

- 4 -

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-00456-R-JPRx

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2  Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legends "CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER" (hereinafter collectively "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-00456-R-JPRx

1 documents, or portions thereof, qualify for protection under this Stipulated
2 Protective Order. Then, before producing the specified documents, the Producing
3 Party must affix the "CONFIDENTIAL legend" to each page that contains Protected
4 Material. If only a portion or portions of the material on a page qualifies for
5 protection, the Producing Party also must clearly identify the protected portion(s)
6 (e.g., by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(c) where discovery material described in (a) or (b) above has previously been produced, the Designating Party shall make such designation by written notice to all Parties that the document(s) should be treated as "CONFIDENTIAL," by identifying the Disclosures or Discovery Material to be designated with particularity (i.e., by production numbers where available). Upon notice of the designation, all parties (i) shall make no further disclosure of the Protected Material, except as provided by this Stipulated Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, shall immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

(d) for testimony given in depositions, hearing, or other proceeding, that the Designating Party identify the Disclosure or Discovery Material on the

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-00456-R-JPRx

record, before the close of the proceeding. Any Party also may designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all deposition transcripts shall be treated as "CONFIDENTIAL" for a period of thirty (30) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-00456-R-JPRx

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Any Protected Material that a Producing Party produces to a Receiving Party, whether produced as hard copies on paper or electronic copies on storage media such as CD-ROM, DVD or flash drive, shall be maintained only in such formats and stored in such a manner as to allow the Receiving Party to comply with its obligations under paragraph 13 of this Stipulated Protective Order regarding final disposition of Protected Material.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party and the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who agree to be bound by the terms of this Order;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that the deponent may not retain information designated CONFIDENTIAL at the conclusion of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other proceeding of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), this Stipulated Protective Order, once signed by the Court, shall constitute an order that the privilege or protection as to an inadvertently produced document is not waived

by disclosure connected with the litigation pending before the Court and the disclosure is also not a waiver in any other federal or state proceeding.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By agreeing to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 79-5.2 and 79-5.2.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court for a reason other than failure to comply with Civil Local Rules 79-5.2 and 79-5.2.2, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

This Protective Order shall continue to be binding after the conclusion of this litigation except that a Party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of this Protective Order. Upon final disposition of the Action as provided in paragraph 5 above, any Producing Party may demand either the return or destruction by the Receiving Party of all Protected Material by providing written notice to the attorneys of record of the Receiving Party. The Receiving Party shall comply with any such written demand within 120 days of receipt of the demand. The Court shall retain Jurisdiction to enforce or modify this Protective Order. Any violation of this Order

STIPULATED PROTECTIVE ORDER
Case No. 2:18-cv-00456-R-JPRx

may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

    IT IS SO STIPULATED.

Dated: May 9, 2018                   McCURDY & FULLER LLP

                                       By: */s/ Robert J. Scott*
                                            Robert J. Scott, Jr.
                                            Attorneys for NATIONAL UNION
                                            FIRE INSURANCE COMPANY
                                            OF PITTSBURGH, PA.

Dated: May 9, 2018                   CLARK HILL LLP

                                       By: */s/ Gary A. Hamblet*
                                            Gary A. Hamblet
                                            Attorneys for MARKEL
                                            INSURANCE COMPANY

IT IS SO ORDERED

Dated: May 24, 2018

                                            _____
                                            HON. MANUEL L. REAL
                                            UNITED STATES DISTRICT JUDGE

## SIGNATURE ATTESTATION

I hereby attest that Gary A. Hamblet, counsel for Defendant has stated to me that he concurs in the filing's content and has authorized the filing.

*/s/ Robert J. Scott, Jr.*
Robert J. Scott, Jr.

McCURDY & FULLER LLP
565 Middlefield Road, Suite 100
Menlo Park, CA 94025
(650) 618-3500